UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDISON PAUL ESTRELLA REA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTONE MONIZ, Superintendent of ) <br> Plymouth County Correctional Facility; ) <br> DAVID WESLING, Field Office Director of ) <br> ICE/ERO in the Boston Field Office; ) <br> PATRICIA HYDE, Acting Field Office ) <br> Director; ) <br> TODD LYONS, Acting Director, ) <br> U.S. Immigration and Customs Enforcement; ) <br> PAMELA BONDI, U.S. Attorney General; and ) <br> KRISTI NOEM, U.S. Secretary ) <br> of Homeland Security. ) <br> ) <br> Defendants. ) <br> ) | Case No. 26-10214-MJJ |

## MEMORANDUM AND ORDER

February 5, 2026

JOUN, D.J.

On January 20, 2026, Petitioner Edison Paul Estrella Rea, a native and citizen of Ecuador, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order in which he sought an emergency stay of transfer from Plymouth County Correctional Facility; release from custody, or, in the alternative, access to a bond hearing; and ancillary habeas relief requiring Immigration and Customs Enforcement ("ICE") to account for and preserve his personal property seized incident to detention. (Doc. No. 1 at 2). Respondents objected to this petition, noting in their February 3, 2026, response that after Mr.

Estrella Rea filed his petition, a final removal order was entered against him. (Doc. No. 11 at 3). On January 30, 2026, an immigration judge ("IJ") issued an Order of Removal, stating Mr. Estrella Rea "shall be removed to Ecuador," and both the Department of Homeland Security and Respondent Estrella Rea waived their right to appeal. (Doc. No. 11-1). The IJ noted in her order that Mr. Estrella Rea "has made no application(s) for relief from removal under 8 C.F.R. § 1240.11." (*Id.*) For the reasons stated below, the court will deny the Emergency Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order as moot.

I.   **Mootness of Request for Relief**

"Article III [of the U.S. Constitution] prohibits federal courts from deciding 'moot' cases or controversies—that is, those in which the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Union de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n*, 884 F.3d 48, 57 (1st Cir. 2018) (quoting *United States v. Reid*, 369 F.3d 619, 624 (1st Cir. 2004) (citation omitted)). "So even if a suit presented a live dispute when filed, if events change 'such that . . . the complaining party winds up with all the relief the federal court could have given [it],' the case is 'moot' and must be dismissed." *Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 46–47 (1st Cir. 2022) (alterations in original) (quoting *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 n.3 (1st Cir. 2021) (citation omitted)).

A temporary restraining order, which is "evaluated in the same way as a request for a preliminary injunction," requires the movant demonstrate a likelihood of success on the merits, irreparable injury, the balance of equities in his favor, and that it is in the public interest. *Allscripts Healthcare, LLC v. DR/Decision Res., LLC*, 592 F. Supp. 3d 1, 3 (D. Mass. 2022) (citations omitted) (*see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645

F.3d 26, 32 (1st Cir. 2011). Here, Mr. Estrella Rea has not demonstrated these factors. The request is denied.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "After entry of a final removal order and during the 90-day removal period, . . . aliens must be held in custody. § 1231(a)(2)." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Thus, habeas corpus secures release from illegal custody—not from legal custody.

Mr. Estrella Rea's final removal order to Ecuador moots his habeas petition because the Court can no longer provide the requested relief. This Court cannot order Mr. Estrella Rea released, or order that he be granted a bond hearing, because the law dictates he "must be held in custody." *Zadvydas*, 533 U.S. at 683. Further, the claims brought by Mr. Estrella Rea regarding his personal belongings are beyond the scope of the writ, which is "to secure release from illegal custody." *Preiser*, 411 U.S. at 484.

## II.     Conclusion

For the reasons set forth above, the Emergency Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order is DENIED as moot.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge
